UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. REYNOLDS, JR.,

           Petitioner,           No. 02-CV-71201-DT

vs.           Hon. Gerald E. Rosen

HAROLD WHITE,

           Respondent.
_____/

ORDER DENYING PETITIONER'S MOTION TO APPOINT
MAGISTRATE TO ISSUE REPORT AND RECOMMENDATION

           At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       September 26, 2005

           PRESENT:  Honorable Gerald E. Rosen
                           United States District Judge

        Petitioner Robert L. Reynolds, Jr. has filed a Fed. R. Civ. P. 60 Motion for Relief from Judgment and now asks that the Court not decide the matter but rather that it appoint a magistrate judge to do so. Petitioner maintains that it would be "more helpful, objective, impartial and fair" in this case for someone other than the Court review Petitioner's "respectful attacks on the District Court's previous methods." Petitioner's request will be denied.

        Although not specifically fashioned as such, the Court views Petitioner's request asking the Court to disqualify itself from making a substantive ruling on his Motion for Relief from Judgment because he was not pleased with the Court's rulings in his habeas

corpus action.  The Sixth Circuit has explicitly determined that disqualification of a judge must be predicated <u>upon extrajudicial conduct rather than judicial conduct</u>, and that allegations of bias "must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and **not** from the judge's view of the law." *Easley v. University of Michigan Board of Regents*, 853 F.2d 1351, 1355-1356 (6th Cir. 1988).  "To be disqualifying the alleged bias of the judge must stem from an extrajudicial source and result in an opinion on the merits <u>on some basis other than what the judge learned from his participation in the case.</u>" *Parker v. Sill*, 1993 U.S. App. LEXIS 6922 (6th Cir. 1993).  *See also, United States v. Hatchett*, 1992 U.S. App. LEXIS 27169 (6th Cir. 1992): "Personal bias is prejudice <u>other than participation in the proceedings</u>. . . ." *Id*.

In assessing whether such personal bias exists to warrant disqualification, the Sixth Circuit standard is that a district judge is required to recuse himself "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989).  **This standard is an objective one, and "is not based on the subjective view of a party."**  *Id*.  A judge's decisions are not biased just because the judge has a particular point of view on the law.  *Parchman v. U.S. Dep't of Agriculture*, 852 F.2d 858, 866 (6th Cir. 1988).

For the foregoing reasons,

Petitioner's Motion to Permit the Magistrate to Issue a Report and Recommendation on his Motion for Relief from Judgment is DENIED.

                        s/Gerald E. Rosen
                        Gerald E. Rosen
                        United States District Judge

Dated: September 26, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 26, 2005, by electronic and/or ordinary mail.

                        s/LaShawn R. Saulsberry
                        Case Manager