## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT L. REYNOLDS, JR.,

                Petitioner,                Case Number: 02-CV-71201

v.                                      HONORABLE GERALD E. ROSEN

HAROLD WHITE,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S (1) MOTION FOR EQUITABLE RELIEF AND FOR RELIEF FROM JUDGMENT AND (2) MOTION FOR APPOINTMENT OF COUNSEL

Petitioner Robert L. Reynolds, Jr., filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 23, 2003, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Petitioner then filed an application for certificate of appealability and a motion for appointment of counsel, which the Court denied on December 22, 2003. Now before the Court are Petitioner's Motion for Appointment of Counsel and Motion for Equitable Relief and for Relief from Judgment. For the reasons set forth below, the Court shall deny the motions.

Petitioner has filed a Motion for Appointment of Counsel to represent him in his Motion for Relief from Judgment. There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987)

("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.  It is a privilege and not a right.") (internal quotation omitted).  A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  In the instant case, the Court determines after careful consideration that the interests of justice do not require appointment of counsel at this time.

Also before the Court is Petitioner's Motion for Equitable Relief and for Relief from Judgment.  First, Petitioner claims that he should be granted relief from judgment under Federal Rule of Civil Procedure 60(b)(1)-(3).  A one-year limitations period applies to motions filed pursuant to Rule 60(b)(1)-(3).  Petitioner failed to file his motion within one year after the Court denied the petition or within one year after the Court denied his application for a certificate of appealability and motion for appointment of counsel.  Thus, his request for relief under Rule 60(b)(1)-(3) is untimely.

Petitioner also seeks relief from judgment under Rule 60(b)(6).  Relief pursuant to Fed. R. Civ. P. 60(b)(6) is warranted only in "exceptional or extraordinary circumstances, which are not addressed by the first five numbered clauses of the Rule."  Hopper v. Euclid Manor Nursing Home, 867 F.2d 291, 294 (6th Cir. 1989).  A party may not use a Rule 60(b)(6) motion to circumvent the time limitations imposed on other provisions of the Rule.  Ackerman v. U.S., 340 U.S. 193, 198 (1950).  It is clear that the bases for Petitioner's motion are mistake, newly discovered evidence, and fraud.  These reasons fall under subsections (1), (2) & (3).  The motion is untimely under those subsections.

2

"[I]t is settled that an appellant cannot circumvent the one year limitation by invoking the residual clause (6)."  Smith v. Sec'y of Health and Human Services, 776 F.2d 1330, 1333 (1985). Therefore, Rule 60(b)(6) relief is not available to Petitioner.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Appointment of Counsel and Motion for Equitable Relief and Relief from Judgment are **DENIED**.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  November 8, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 8, 2005, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

3